UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24375-CIV-KING

DEERE CONSTRUCTION, LLC,

    Plaintiff,

vs.

CEMEX CONSTRUCTION MATERIALS
FLORIDA, LLC, and CEMEX, INC.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendants CEMEX CONSTRUCTION MATERIALS FLORIDA, LLC and CEMEX, INC.'s Motion to Dismiss Class Action Complaint and Incorporated Memorandum of Law (DE 11), filed January 21, 2016. The Court heard oral argument on the motion on April 13, 2016, and is otherwise fully briefed.[1]

## I. BACKGROUND

Defendants are sellers of cement and ready-mix concrete, and Plaintiff and other putative class members are customers of Defendants. Plaintiff's Class Action Complaint (the "Complaint") (DE 1) alleges that, in connection with its purchase of concrete, Defendants fraudulently, deceptively, and unfairly charged Plaintiff for "fuel surcharges" and "environmental surcharges" that are unrelated to Defendants' actual or increased fuel or

---

[1] The Court has additionally considered Plaintiff's Response to the Motion to Dismiss (DE 12), filed February 8, 2016, and Defendants' Reply to Plaintiff's Response to the Motion to Dismiss (DE 16), filed February 19, 2016.

1

environmental costs. The Complaint additionally alleges that Defendants have been unjustly enriched by these practices. Defendants seek dismissal of the Complaint in its entirety for failure to state a cause of action upon which relief can be granted.

## II. FACTS

Deere Construction, LLC ("Deere") purchased cement and concrete from CEMEX Construction Materials Florida, LLC and CEMEX, Inc. (hereinafter collectively referred to as "CEMEX"). CEMEX charged Deere an agreed upon rate in exchange for providing Deere with concrete. However, in addition to the agreed upon rate, CEMEX also charged Deere two types of allegedly improper fees: a "fuel surcharge" and an "environmental surcharge." The fuel and environmental surcharges are allegedly charged to every customer for every delivery, with very few exceptions. CEMEX charged Deere fuel and environmental surcharges on, *inter alia*, invoices dated December 19, 2011, February 2, 2012, and March 13, 2012. Deere paid the entire invoiced amount on each occasion, including the surcharges.

Purchases made from CEMEX by Deere are subject to the Standard Terms and Conditions of the Credit Application, executed by Deere on January 30, 2007 (the "agreement").[2] DE 11-1. The agreement provides,

> **11. SURCHARGES.** Seller reserves the right to charge a fuel surcharge, raw materials surcharge or other surcharges that may apply. Any fuel surcharge will be calculated from the Federal Energy Information Administration's weekly reporting of . . . fuel pricing . . . .

---

[2] While it initially contested whether the Court could appropriately consider the agreement at this stage of the proceeding, Plaintiff withdrew its objection at oral argument and agreed that the Credit Application, and its Standard Terms and Conditions, constitutes the contract between the parties. In any event, the Court may consider the agreement because it is central to Plaintiff's claims and referred to in the Complaint. *See* discussion *infra* Part III.

2

*Id.* (emphasis in original). Each of the invoices referenced in the Complaint states, "This invoice incorporates herein by reference Buyer's previously executed Credit Application, if any, Seller's Standard Terms and Conditions, Seller's Quotation and Seller's Order Confirmation . . . ." DE 11-4.

## III. LEGAL STANDARD ON MOTION TO DISMISS

Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Iqbal*, 556 U.S. at 664. However, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007). Furthermore, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). And, where documents considered part of a

3

pleading "contradict the general and conclusory allegations" of the pleading, the document governs. *Id.* If the Court identifies such conclusory allegations, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief." *See Iqbal,* 556 U.S. at 681. The Court must dismiss a complaint that does not present a plausible claim entitled to relief.

## IV. DISCUSSION

The Complaint alleges claims against Defendants for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 *et seq.* (the "FDUTPA") (Counts I and II), and unjust enrichment (Count III). In their motion, Defendants argue that the Complaint should be dismissed in its entirety for failure to state a cause of action upon which relief can be granted. With respect to the FDUTPA claims, Defendants argue that dismissal is warranted because 1) the surcharges complained of were disclosed to Plaintiff before it purchased concrete from Defendants, as well as disclosed on each invoice received by Plaintiff, and 2) there is nothing inherently deceptive about the terms "fuel surcharge" and "environmental surcharge." With respect to the unjust enrichment claim, Defendants argue that dismissal is warranted because an unjust enrichment claim cannot be maintained where the relationship between the parties is governed by a written contract. The Court will consider each cause of action in turn.

### A. Florida's Deceptive and Unfair Trade Practices Act

Defendants argue that the FDUTPA claims should be dismissed because Plaintiffs have not alleged any facts which if proven would establish that Defendants engaged in deceptive, fraudulent, or unfair practices in connection with the sale of concrete to Plaintiff. Defendant points out that the surcharges Plaintiff complains of were disclosed before they

4

were charged, as well as disclosed on each invoice, and argues that there is nothing deceptive or unfair about charges which are disclosed in such a manner. In response, Plaintiff argues that Defendant's usage of the terms "fuel surcharge" and "environmental surcharge" on its invoices "deceptively conveyed a particular basis for such fees – that the fees are legitimate charges tethered to Defendants' actual or increased fuel and environmental costs." DE 12 at 1-2. The Complaint alleges that Defendants characterize the fuel surcharge and environmental surcharge as legitimate charges designed to recover the actual or increased fuel or environmental costs Defendants incur, and which are used to offset such costs. DE 1 at ¶ 49. The Complaint further alleges, "[i]n truth, neither fee bears any relation to the actual or increased costs incurred by Defendants, and the fees are not used to offset such costs." *Id.*

The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." Fla. Stat. § 501.204. The elements of an FDUTPA action are: 1) a deceptive or unfair practice; 2) causation; and 3) damages. *KC Leisure, Inc. v. Haber*, 972 So. 2d 1062, 1073 (Fla. 5th DCA 2008).

While undoubtedly artfully pleaded, the Complaint is light on actual facts and rife with conclusory allegations masquerading as facts. For instance, there are no factual allegations that Defendant ever made a statement or representation as to the purpose or basis of the fuel or environmental surcharges. Nor does the Complaint allege that Defendants ever made a statement or representation as to how the surcharges would be calculated. The Complaint merely states that the terms "fuel surcharge" and "environmental surcharge" appear as line items on invoices which Plaintiff paid, then goes on to conclude that the terms themselves "characterize" the surcharges as something other than what they actually are.

5

However, the Complaint contains no factual allegations which support Plaintiff's subjective belief, and the Court finds nothing about the terms themselves which compel the conclusions about them which Plaintiff has drawn. *Compare Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1367 (2007) (dismissing FDUTPA claim based on "cost recovery fee," which allegedly grossly exceeded actual costs) *with Latman v. Costa Cruise Lines*, 758 So. 2d 699, 703 (Fla. 3d DCA 2000) (concluding that a cruise line engaged in a deceptive practice by charging customers "port charges" then keeping a portion of the port charges for itself, because the "term ['port charge'] necessarily constitutes a representation to a reasonable consumer that these are 'pass-through' charges which the cruise line will pay to the relevant port authority"). Thus, as it currently stands, the Complaint falls short of alleging a deceptive or unfair practice by Defendants. Accordingly, Counts I and II are due to be dismissed with leave to be amended and supplemented with facts which support a claim under the FDUTPA.

**B. Unjust Enrichment**

Defendants argue Plaintiff's unjust enrichment claim is barred by the existence of the express contract in this case. In response, Plaintiff argues that it should be permitted to pursue an unjust enrichment claim as an alternative theory of liability. However, Florida law is clear that unjust enrichment claims are precluded where there is an express contract between the parties and the claims arise out of that contractual relationship. *See Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009).

As Plaintiffs admitted at oral argument that the Credit Application and the Standard Terms and Conditions is a written contract between the parties, and the unjust enrichment

claim plainly arises out of the contractual relationship, Count III is due to be dismissed with prejudice. *See Berry*, 497 F. Supp. 2d. 1261 (2007).

## V. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendants CEMEX Construction Materials Florida, LLC and CEMEX, Inc.'s Motion to Dismiss Class Action Complaint and Incorporated Memorandum of Law **(DE 11)** be, and the same is, hereby **GRANTED**. Counts I and II are **DISMISSED WITHOUT PREJUDICE**, and Count III is **DISMISSED WITH PREJUDICE**. Should it elect to do so, Plaintiff may file an amended complaint within twenty **(20)** days of the date of this Order.[3]

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 12th day of May, 2016.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc:** **All counsel of record**

---

[3] The undersigned senior judge did not know, until this date, that counsel for the parties estimate that trial of the above-styled case will take between five and ten days. *See* Local Rule 16.1(b) Joint Conference Report, DE 20. Although the case was recently filed, the Court heard oral argument on Defendants' Motion to Dismiss on April 13, 2016, prior to the undersigned realizing the probable length of the trial of this matter. In fairness to the judge to whom this case will be assigned upon recusal, this Court rules upon the Motion to Dismiss so that this case can be transferred free of pending motions.